# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| NAYELI ANAI VIGIL-ALVARADO,<br><br>*Petitioner*,<br><br>v.<br><br>MARKWAYNE MULLIN, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; TODD BLANCHE, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES; TODD LYONS, IN HIS OFFICIAL CAPACITY AS ACTING DIRECTOR AND SENIOR OFFICIAL PERFORMING THE DUTIES OF THE DIRECTOR OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; MARY DE ANDA-YBARRA, IN HER OFFICIAL CAPACITY AS FIELD OFFICE DIRECTOR OF THE EL PASO FIELD OFFICE OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, ENFORCEMENT AND REMOVAL OPERATIONS; AND ANGEL GARITE, IN HIS OFFICIAL CAPACITY AS ASSISTANT FIELD OFFICE DIRECTOR OF THE EL PASO FIELD OFFICE OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, ENFORCEMENT AND REMOVAL OPERATIONS;<br><br>*Respondents*. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | No. 3:26-CV-01268-LS |

**<u>MEMORANDUM OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>**

This is one of more than 700 habeas corpus petitions filed in this Court in which a petitioner seeks release from immigration custody during removal proceedings. Petitioner in this case is a citizen of Guatemala, in removal proceedings, and has no final order of removal.[1]

**Habeas Corpus under 28 U.S.C. § 2241**

The primary habeas corpus statute, 28 U.S.C. § 2241, authorizes a petitioner to plead in federal court that he or she is "in custody in violation of the Constitution or laws or treaties of the United States."[2] This Court has jurisdiction over § 2241 claims challenging pre-removal order immigration detention.[3]

**8 U.S.C. §§ 1225 and 1226**

On February 6, 2026, the Fifth Circuit Court of Appeals issued its opinion in *Buenrostro-Mendez v. Bondi*. That opinion is now binding precedent on the district courts in Texas, Louisiana, and Mississippi and forecloses any argument that Petitioner is "in custody in violation of the Constitution or laws . . . of the United States" for want of a bond hearing under 8 U.S.C. § 1226(a).[4] Petitioner, in removal proceedings, is not "clearly and beyond a doubt entitled to be admitted" and is therefore subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).[5]

---

[1] The parties have not informed the Court that Petitioner became subject to a final order of removal after this lawsuit was filed, nor that Petitioner has been removed or otherwise released. If any of these circumstances occurred, the Court denies the petition as moot. *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988) (holding that a habeas petition becomes moot when the habeas relief requested "can no longer be effected").

[2] 28 U.S.C. § 2241(c)(3).

[3] *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 508 (5th Cir. 2026) (assuming jurisdiction over, and reversing and remanding, district court orders granting § 2241 challenges to pre-removal order detention); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003) ("Having determined that the federal courts have jurisdiction to review a constitutional challenge to [a different section of 8 U.S.C. § 1226] . . . .").

[4] *Buenrostro-Mendez*, 166 F.4th at 498 (reversing district court orders granting § 2241 habeas petitions seeking bond hearings and release under 8 U.S.C. § 1226(a)(2)).

[5] *Id.* ("[W]e conclude that the government's position is correct" that petitioners "shall be detained" under 8 U.S.C. § 1225(b)(2)(A) during their removal proceedings because neither showed they were "clearly and beyond a doubt entitled to be admitted").

**Due Process**

On October 23, 2026, the Fifth Circuit Court of Appeals issued its opinion in *Sosnava Rodriguez v. Vergara*.[6] That opinion is now binding precedent on the district courts in Texas, Louisiana, and Mississippi and forecloses any argument that Petitioner's mandatory detention under § 1225(b)(2)(A) violates any due process right.

**Administrative Procedure Act and *United States ex rel. Accardi v. Shaughnessy***

Petitioner's APA and/or *Accardi* claim fails because, after *Buenrostro*,[7] 8 U.S.C. § 1225(b)(2)(A) mandates Petitioner's detention during removal proceedings. There is, then, no final unlawful agency action for this court to review[8]—the statute controls.

**Suspension Clause**

Petitioner's argument that the subject detention violates the Suspension Clause of the U.S. Constitution[9] fails because this Court and courts across the country have ruled and continue to rule on habeas corpus petitions filed by petitioners detained under § 1225(b)(2)(A). That this Court and others may deny relief on the merits, as reflected above, does not mean that the writ has been suspended.

**Conclusion**

The petition for a writ of habeas corpus [ECF No. 1] is **DENIED**. Any and all pending motions are **DENIED AS MOOT** and the Clerk shall **CLOSE THE CASE**.

**SO ORDERED**.

---

[6] *Sosnava Rodriguez v. Vergara*, No. 26-50183, slip op. at 31 (5th Cir. Oct. 23, 2026) (en banc).
[7] *Buenrostro-Mendez v. Bondi*, 166 F.4th at 498.
[8] *See* 5 U.S.C. § 706(2) (a "reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . without observance of procedure required by law").
[9] U.S. Const., art. I, § 9, cl.2.

**SIGNED** and **ENTERED** on November 11, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**